**UNITED STATES of America,**
**Appellee,**

v.

**Arnold Edward BENSON,**
**Defendant–Appellant.**

**Docket No. 02–1501.**

United States Court of Appeals,
Second Circuit.

Dec. 20, 2002.

James F. Greenwald, Assistant Federal Public Defender, for Alexander Bunin, Federal Public Defender (Melissa A. Tuohey, Assistant Federal Public Defender, on the brief), Syracuse, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney, Northern District of New York (Andrew T. Baxter, Tina E. Sciocchetti, Assistant Unites States Attorneys, on the brief), Albany, NY, for Appellee.

Present CALABRESI, POOLER and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is hereby AFFIRMED.

Defendant–Appellant Arnold Benson pleaded guilty in the district court to one count of willfully making and filing a false U.S. Employer's Quarterly Tax Return in violation of 26 U.S.C. § 7206(1). Benson appeals from the district court's imposition of a two-level sentence enhancement under U.S.S.G. § 3B1.1(c), an enhancement based on a finding that Benson directed one or more of his employees to engage in criminal conduct by preparing fraudulent returns.

Although the district court did not itself state that Benson had supervised subordinates who had, at Benson's direction, committed crimes, the court did adopt this finding of the pre-sentencing report as well as the report's conclusion that the enhancement should be imposed. The court did so both orally at sentencing and in its written judgment.

Appellate review is made easier when a district court makes explicit factual findings in support of enhancements or departures. Still, while specific findings that support a § 3B1.1 enhancement are required, we have held that adoption of the findings contained in a PSR suffices. *See, e.g., United States v. Escotto,* 121 F.3d 81, 85 (2d Cir.1997). Accordingly, we reject Benson's argument that we must vacate and remand his sentence for additional findings by the district court.

Benson also argues that the three subordinates are not criminally liable. A district court's factual findings as to the defendant's role in the offense must be based on the preponderance of the evidence and are reviewed only for clear error. *See id.* In particular, since § 3B1.1(c) mandates a two-level enhancement for the supervision of even one other individual in a criminal enterprise, Benson must demonstrate that the findings as to *each* of the three subordinates are clearly erroneous. While Benson makes a plausible argument that the government might have difficulty successfully prosecuting the three subordinates, he has not shown that, as to each of the three employees, it is clearly erroneous to conclude that a successful prosecution would, more probably than not, lie. The sentencing enhancement must, therefore, be affirmed.

We have considered all of Appellant's arguments and find them meritless. We therefore AFFIRM the sentence imposed by the district court.